■ DAVIDA SCHER, Appellant, v LARRY SCHER, Respondent. [648 NYS2d 957] —In a matrimonial action in which the parties were divorced by judgment dated August 6, 1991, the plaintiff former wife appeals from (1) an order of the Supreme Court, Westchester County (Barone, J.), entered August 2, 1995, which, *inter alia,* denied that branch of her cross motion which was for leave to enter a judgment against the defendant former husband for arrears in unpaid medical and educational expenses for their daughters, and (2) an order of the same court, entered September 28, 1995, which denied her motion for clarification of the order entered August 2, 1995, "upon the ground that the order did not specify that medical treatment for the (parties') minor children should be in Westchester".

Ordered that the order entered August 2, 1995, is modified, on the law, by deleting the provision thereof which denied that branch of the former wife's cross motion which was for leave to enter a judgment against the former husband for arrears for unpaid medical and educational expenses and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a calculation of the former husband's arrears for unpaid medical and educational expenses in accordance herewith and entry of an appropriate judgment; and it is further,

Ordered that the order entered September 28, 1995, is affirmed, without costs or disbursements.

The Supreme Court properly found that the former husband's

medical insurance plan satisfied the requirements of the parties' separation agreement. The plan clearly provided full major medical coverage for those participants who opted not to use the network of doctors and hospitals provided by the plan as a cost saving measure.

However, because the separation agreement required that the former husband be responsible for providing medical insurance for the children and because he failed to enroll the children in his medical plan, the former wife was entitled to a judgment against him for the cost of her insuring the children and any unreimbursed medical expenses incurred. In addition, in accordance with the separation agreement, the former wife is entitled to a judgment against the former husband representing his share of their younger daughter's educational expenses, as well as for the former husband's share of their elder daughter's "reasonable living expenses" at college, as provided for in the parties' separation agreement. The Supreme Court determined that the former husband was required to contribute $25 per week toward the elder daughter's living expenses over and above his child support obligations. Accordingly, the former wife is entitled to enter a judgment for any arrears which accrued prior to entry of the August 2, 1995, order.

The former wife's remaining contentions are without merit. Miller, J. P., Ritter, Krausman and Florio, JJ., concur.